UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WENDELL B. THOMAS, ) <br> ) <br> Defendant. ) <br> ) | No. 4:04-cv-49-PLR-SKL |

## **ORDER**

Before the Court is the motion of Plaintiff United States of America ("the government") for an order pursuant to Fed. R. Civ. P. 37 and 69 compelling Defendant Wendell B. Thomas ("Defendant") to respond to post-judgment discovery requests served on Defendant [Doc. 11]. The government has also filed a memorandum in support of its motion [Doc. 13], as well as an affidavit and exhibits in support [Doc. 12]. Defendant did not file a response to the government's motion.

I.   **BACKGROUND**

On December 14, 2004, a judgment in the total amount of $81,905.39, plus interest and surcharge, was entered by this Court against Defendant [Doc. 8; Doc. 13 at Page ID # 68]. The government submits that Defendant has not made any voluntary payments toward satisfaction of the judgment debt since 2014 [Doc. 13 at Page ID # 68]. As part of the efforts to collect the judgment debt, the government served Defendant with interrogatories and requests for production

of documents[1] on August 3, 2016 [*id.*]. After receiving no response from Defendant, the government notified Defendant on September 19, 2016, of its intent to move to compel responses if necessary, and again served Defendant with a copy of the discovery requests [*id.* at Page ID # 68-69]. Defendant has not responded, or raised any objections, to the discovery requests [*id.* at Page ID # 69].

## II. ANALYSIS

A judgment creditor, "[i]n aid of the judgment or execution, . . . may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The scope of discovery under Rule 69 is "very broad," *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (citations omitted), and includes discovery of financial information of a judgment debtor, his or her spouse, and other family members, *Andrews v. Raphaelson*, No. 5:09-cv-077-JBC, 2009 WL 1211136, at *3 (E.D. Ky. Apr. 30, 2009); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Van Waeyenberghe*, 148 F.R.D. 256, 256-57 (N.D. Ind. 1993). The judgment creditor may use any means of discovery allowable under the federal or state discovery rules. *Andrews*, 2009 WL 1211136, at *3. The court may compel a response to a permissible discovery request. Fed. R. Civ. P. 37(a). In addition, a party who prevails on a motion to compel discovery must be awarded the reasonable expenses incurred in bringing the motion unless the movant failed to attempt to obtain the discovery without court intervention, the opposing party's failure to respond was substantially justified, or other circumstances make the award of expenses unjust.

---

[1] The interrogatories and requests for production are attached to the government's affidavit, and they are directed toward discovering the assets, income, and liabilities of Defendant, his spouse, and any dependents [Docs. 12-1 & 12-2].

2

Fed. R. Civ. P. 37(a)(5)(A).

Here, the government's discovery requests appear to be well within the permissible scope of Rule 69.  Furthermore, Defendant has offered no reason for his failure to respond.  The government has not included in its motion the amount of its reasonable expenses incurred in bringing this motion so the Court will conclude that the government is not seeking an award of these expenses at this time.

Accordingly, the government's motion [Doc. 11] is **GRANTED**.  Defendant is **COMPELLED** to provide full and complete answers to the government's interrogatories and requests for production on or before **Monday, March 13, 2017**.  **Defendant is cautioned that failure to comply with a court order may expose him to sanctions for contempt of court, including arrest and incarceration.**  Fed. R. Civ. P. 37(b)(2), (d)(3); *Conces*, 507 F.3d at 1033-34 (approving incarceration as a sanction for failure to comply with a discovery order).

The Clerk is **DIRECTED** to mail a copy of this order to Defendant at the mailing address for Defendant provided by the government.[2]

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Wendell B. Thomas
532 Meiser Lane
McMinnville, TN   37110